# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SETH GLEASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:20-cv-01089 |
| v. ) | |
| ) | Division |
| RODNEY E. SHERMAN ) | |
| ) | |
| Serve at: ) | |
| 40 Cloverdale Street ) | |
| St. Charles, MO 63304 ) | |
| ) | |
| and ) | |
| ) | |
| LINDA SHERMAN ) | |
| ) | |
| Serve at: ) | |
| 40 Cloverdale Street ) | |
| St. Charles, MO 63304 ) | |
| ) | |
| and ) | |
| ) | |
| RODLIN ENTERPRISES, INC. ) | |
| d/b/a Budget Towing ) | |
| ) | |
| Serve at: ) | |
| Registered Agent Linda Sherman ) | |
| 40 Cloverdale Street ) | |
| St. Charles, MO 63304 ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Seth Gleason ("Plaintiff"), by and through his undersigned counsel, and for his Complaint states as follows:

1

## INTRODUCTION

1. This is an action for unpaid minimum wage compensation, unpaid overtime compensation, and attorney's fees and costs for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq. ("FLSA")

2. This is also an action for the nonpayment of wages and overtime compensation in contravention of Missouri's Minimum Wage Law, Mo. Rev. Stat. § 290.505 *et seq.* ("MMWL") and for failure to provide Plaintiff's final paycheck in contravention of Mo. Rev. Stat. § 290.110 .

3. This is also an action for breach of contract.

4. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of all claims because Plaintiff's primary cause of action is for nonpayment of wages pursuant to 29 U.S.C. § 206 et seq.  Accordingly, this Court has federal question jurisdiction of this FLSA matter pursuant to 28 U.S.C. § 1331 because this is a "civil action arising under the.. Laws… of the United States."

6. This Court has supplemental jurisdiction with respect to Plaintiff's other claims for violation of Missouri's minimum wage laws and for breach of contract because these claims arise out of the same transaction and occurrence that give rise to Plaintiff's FLSA claims, namely Defendants' failure to pay Plaintiff his wages.  As such, this Court may properly exercise supplemental jurisdiction over these related claims pursuant to 28 U.S.C. § 1367.

7. Defendants withheld wages from Plaintiff for his work as a local tow truck driver for Defendants, from approximately January of 2020 through July of 2020, in Missouri counties all located within this District; Defendants all reside in and have continuous business operations within this District in St. Charles County, Missouri.

8. Rodney Sherman and Linda Sherman are Missouri residents, and Rodlin Enterprises, Inc. d/b/a Budget Towing is a domestic business operating in St. Charles County, Missouri and within this District.

9. Plaintiff resides in St. Charles County, Missouri within this District and worked at all times relevant in Missouri counties within this District as a tow truck driver for Defendants.

10. Defendants' illicit withholding of compensation from Plaintiff thus damaged Plaintiff in this District and within Missouri where the wages were due. Venue is also proper in this District for these reasons.

**PARTIES**

11. Plaintiff is a natural person currently residing in St. Charles County, Missouri.

12. From approximately January through July of 2020, Plaintiff worked for Defendants as a local tow truck driver in St. Charles County, Missouri.

13. At all times relevant, Plaintiff's job duties entailed driving to locations that Defendants selected in order to tow vehicles from that location back to Defendants' tow lot in Wentzville, Missouri.

14. Plaintiff was not part of a union and was at all times a worker employed subject to the provisions of the MMWL and the FLSA.

15. Upon information and belief, defendant Rodney Sherman ("Rodney") is a natural person who resides or can be found in Missouri. Upon information and belief, Rodney controls and operates Defendant Rodlin Enterprises, Inc. d/b/a Budget Towing. But for Rodney's long history as a felon that stemmed from tax fraud related directly to the business, he would be the titular owner of that company. With his criminal history, Rodney installed his now-soon-to-be-ex wife, Linda Sherman ("Linda") as the sole shareholder, officer, and director of the business sometime prior to Plaintiff's employment.

16. Both Rodney and Linda jointly direct and operate Defendant Rodlin Enterprises, Inc. such that they have the authority to hire and fire employees, set employee schedules and set employee compensation.

17. Rodlin Enterprises, Inc. d/b/a Budget Towing is a Missouri corporation and is a towing company providing services primarily in St. Charles County, Missouri from its office located at 425 Luetkenhaus Blvd., Wentzville, Missouri 63385.

18. Defendants jointly employed Plaintiff from approximately January of 2020 through July of 2020. Plaintiff was laid off for several weeks during this period related to Missouri's pandemic-related issues.

19. Defendants had day-to-day control over where Plaintiff worked, the hours Plaintiff worked, and the type of work Plaintiff would be doing.

20. Defendants jointly controlled all aspects of Plaintiff's work while Plaintiff worked for Defendants.

21. Defendants were jointly responsible for paying Plaintiff.

4

22. Specifically, Defendants made and implemented decisions about Plaintiff's daily pay rate and the method of Plaintiff's payment.

23. Defendants jointly reviewed and controlled Plaintiff's employment records, including all records pertaining to Plaintiff's rate of pay, compensation, and hours worked.

24. Defendants' equipment was used for Plaintiff's work.

25. Plaintiff used Defendants' tow trucks to perform tows for Defendants.

26. At all times relevant, Defendants were Plaintiff's employers within the meaning of Section 290.500(4).

27. At all times relevant, Plaintiff was Defendants' employee within the meaning of Section 290.500(3).

**FACTS**

28. At all times relevant, Defendants had an agreement with Plaintiff whereby Plaintiff would work as a full-time local tow truck driver in the St. Charles area.

29. At all times relevant, Plaintiff's work was as a local tow truck driver; Plaintiff towed vehicles for Defendants in the St. Charles metropolitan area, and only in Missouri.

30. Defendants and Plaintiff agreed that Plaintiff would work five days a week and eight hours per day for all of the hours that Defendants assigned Plaintiff.

31. In exchange for Plaintiff's forty hours of weekly labor, Defendants agreed to compensate Plaintiff at a rate of $16.25 per hour. This equated to a sum of $130 per eight-hour workday.

32. Over time, Defendants began to increase the amount of tows that Plaintiff was required to make each day, which led to Plaintiff regularly and consistently working more than eight hours each day for Defendants.

33. Plaintiff would regularly and consistently work 12 hour days for Defendants.

34. Even as Plaintiff began to work well in excess of forty (40) hours each week, Defendants continued to pay Plaintiff for no more than forty (40) hours- Defendants paid Plaintiff nothing at all, not even minimum wage, for his overtime hours and required that Plaintiff work those overtime hours for free as a condition of keeping his job.

35. When Plaintiff would complain about the compensation, Defendants responded with profane and irate language and would threaten to fire Plaintiff if he did not do as Defendants wished.

36. Defendants continued to pay Plaintiff pursuant to this policy unlawful under the FLSA and MMWL, without paying overtime or any other compensation for work performed in excess of forty hours per week.

37. The FLSA and MMWL require that if the employee is paid a flat sum for a day's work then he is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

38. Defendants did not pay Plaintiff any extra overtime premium compensation for his overtime hours worked.

39. Defendants knew or, absent their own recklessness, should have known that Plaintiff was not exempt from the FLSA and MMWL minimum wage and overtime requirements.

40. Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and MMWL provisions.

41. Upon information and belief, Defendants' practices in wrongfully withholding overtime payment from Plaintiff have been consistent since approximately January of 2020.

42. Upon information and belief, Defendants have wrongfully withheld thousands of dollars from Plaintiff's paychecks.

43. Plaintiff would complain about Defendants' payment methods, but Defendants would provide no relief to Plaintiff.  Defendants, particularly Rodney, would scream profanities at Plaintiff and threaten to terminate Plaintiff's employment for complaining.

44. On July 7, 2020, Plaintiff could no longer deal with the profanity, threats and underpayments and was constructively discharged from his job with Defendants.

## COUNT I - FLSA - ALL DEFENDANTS

45. Plaintiff incorporates by reference all prior paragraphs.

46. At all relevant times, on information and belief, Defendants were, with respect to Plaintiff, an "employer engaged in interstate commerce and/or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 206(a).

47. Upon information and belief, Defendants have gross revenues that exceed $500,000.

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at least the statutory minimum wage for many regular hours worked when they knew or should have known such was due and that non-payment would financially injure Plaintiff.

49. Additionally, Defendants failed to compensate Plaintiff at a rate of one and a half times his base rate of pay for hours worked in excess of forty during any given one week pay period.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

51. Plaintiff is entitled to an award of his reasonable attorney's fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

52. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award him unpaid minimum wages due under the FLSA, liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to FLSA, prejudgment and post-judgment interest, expenses associated with this action, together with reasonable attorney's fees, and such other and further relief as this Court determines to be just and proper.

### COUNT II - MMWL - ALL DEFENDANTS

53. Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

54. The MMWL requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed.

55. Defendants are subject to the wage requirements of the MMWL because each of the Defendants is an "employer" under Section 290.500(4).

56. At all times relevant, Plaintiff was a covered employee entitled to the above-described MMWL protections. *See* Section 290.500(3).

57. In violation of Missouri Statute § 290.505(1), Defendants refused to pay Plaintiff whatsoever for a substantial number of overtime hours from approximately January of 2020 through July of 2020.

58. Defendants' compensation scheme applicable to Plaintiff failed to comply with the MMWL.

59. Defendants knowingly failed to compensate Plaintiff at a rate of one and one-half times his regular hourly wage for hours worked in excess of forty (40) hours per week.

60. Defendants failed to compensate Plaintiff his regular hourly wage or even the minimum wage for hours worked in excess of forty (40) hours per week.

61. Defendants acted willfully and with reckless disregard of clearly applicable MMWL provisions.

62. Defendants are liable to Plaintiff for the full amount of the overtime wages that they failed to pay Plaintiff, in addition to an equal amount as liquidated damages.

63. Defendants are liable to pay Plaintiffs' attorneys' fees and costs.

64. Defendants' failure to pay Plaintiff in accordance with the MMWL has damaged Plaintiff such that Plaintiff has suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of Defendants' actions set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and award Plaintiff double the amount of unpaid regular wages, double the amount of unpaid overtime wages, the full amount of his consequential damages, and remit court costs, attorneys' fees, and all other and further relief that the Court deems just and proper.

### COUNT III - BREACH OF CONTRACT - AGAINST ALL DEFENDANTS

66. Plaintiff incorporates all prior paragraphs as if fully stated herein.

67. Plaintiff and Defendants entered into a contract, whereby Defendants were to pay Plaintiff at a rate of $16.25 per hour for no more than forty (40) hours per week. Defendants were contractually obligated to pay 1.5 times Plaintiff's standard hourly wage, or $24.38 for overtime hours that they required Plaintiff to work.

68. In exchange, Plaintiff promised to, and in fact did, work the hours that Defendants dictated, including a substantial number of overtime hours virtually every pay period.

69. Over the relevant time period, Plaintiff performed all such work in accordance with the parties' contract.

70. Defendants breached the contract by refusing to pay Plaintiff for overtime hours as set forth *supra*.

71. Defendants' breach of the parties' contract is without excuse or justification.

72. Defendants' breach of the parties' contract has caused Plaintiff to suffer damages as set forth herein.

73. Specifically, Plaintiff has lost money as a result of the wages that Defendants refused to pay and/or the additional hours Plaintiff was forced to work to continue to earn his pay for a forty-hour week.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor, award Plaintiff damages consisting of the unpaid regular wages, unpaid overtime wages, consequential damages, and that this Court award Plaintiff all other and further relief that the Court deems just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorneys for Plaintiff

11