# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SETH GLEASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-01089-MTS |
| ) | |
| RODNEY E. SHERMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motions for sanctions for Defendants Rodney Sherman and Linda Sherman's failure to appear at a Court ordered alternative dispute resolution conference, see doc. [47], and Rodney Sherman's failure to appear at a properly noticed deposition, see doc. [51]. The Court has reviewed the briefing and heard from the parties on this matter at a status conference.

Under the Local Rules of this District, "[a]ll named parties and their counsel are required to attend [an] ADR conference [and] participate in good faith." E.D. Mo. L.R. 6.02(C). The Rules allow a party to be "excused from attending" only if personal attendance "would impose an extraordinary or otherwise unjustifiable hardship" and the person files a motion to be excused at least fourteen days before the conference. *Id.* at (C)(2). Defendants failed to appear at the ADR conference, and they failed to file any motion regarding their absence. Indeed, they did not even inform the appointed neutral or opposing counsel that they would be absent. The Local Rules allows the Court to "impose any sanctions deemed appropriate" as a result of a party's failure to appear. 6.05(A). Typically, the plaintiff and the defendant equally split the cost of a neutral's services. 6.03(C)(1). Given Defendants' failure to appear, though, the Court orders

Defendants to cover all costs associated with the ADR hearing planned for June 7, 2021. The parties shall bear their own attorneys' fees.

Not long after Defendants failed to appear for the ADR conference, Defendant Rodney Sherman failed to appear for a properly noticed deposition scheduled for June 18, 2021. Plaintiff asks the Court to strike Defendant's pleadings. The Court declines to impose such a harsh sanction at this time, but Defendant must submit to a deposition. Defendant Rodney Sherman must select one of the following dates to appear for a deposition: (i) Tuesday, July 13, 2021; (ii) Thursday, July 15, 2021; or (iii) Tuesday, July 20, 2021. Defendant shall inform Plaintiff's counsel which of those three dates Defendant chooses by 5:00 p.m. on Friday, July 2, 2021. Plaintiff shall then file[1] a notice of deposition by Friday, July 9, 2021 with the relevant details under Fed. R. Civ. P. 30. If Defendant fails to select one of the three dates, Plaintiff may select any of the three dates, and if Defendant fails to appear for his deposition again, the Court will entertain a motion for any allowable just sanction under Fed. R. Civ. P. 37(b)(2)(A).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions, doc. [47], is **GRANTED** in part, consistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for Sanctions, doc. [51], is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant shall submit to a deposition, consistent with this Order.

Dated this 29th day of June, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[1] Local Rule 3.02 notwithstanding.